UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FAMILY FARM COALITION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOM VILSACK, et al.,<br><br>Defendants. | Case No. 21-cv-05695-JD<br><br>**ORDER RE MOTION TO INTERVENE**<br><br>Re: Dkt. No. 27 |

The motion to intervene filed by the Biotechnology Innovation Organization (BIO) and American Seed Trade Association (ASTA), Dkt. No. 27, is granted under Federal Rule of Civil Procedure 24(b)(1)(B) and the following conditions.

The Court detailed the standards of intervention in a similar case. *See Natural Grocers v. Perdue*, Case No. 20-cv-05151-JD, Dkt. No. 46 (N.D. Cal. June 29, 2021). Under those standards, BIO and ASTA are not entitled to intervene as of right. They share with the government "the same ultimate objective of upholding" the challenged regulation, and the government is acting on behalf of that "common interest" in the litigation. *Id.* at 1. BIO and ASTA were therefore required to make a "'very compelling showing' based on evidence to rebut the presumption of adequacy." *Id.* (quoting *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020)); *see also W. Watersheds Project v. Haaland*, 22 F.4th 828, 840-41 (9th Cir. 2022). That did not happen. BIO and ASTA's main argument is that they have "specific, narrower interests" than the government, and an "intimate understanding of the impact of a potential vacatur or other remedy." Dkt. No. 27 at 13. What that means with respect to the adequacy of the government's advocacy is entirely unclear.

For permissive intervention, plaintiffs and the government do not object. The grounds for permissive intervention are present, and any "potential undue delay or unfair prejudice to the original parties can be managed by conditions, and so are not a reason to deny permissive intervention." *Natural Grocers*, No. 20-cv-05151-JD, Dkt. No. 46 at 2 (quoting Fed. R. Civ. P. 24(b)(3) and *Freedom from Religion Found., Inc. v. Geither*, 644 F.3d 836, 843 (9th Cir. 2011)).

Consequently, the Court grants permissive intervention on the following conditions. BIO and ASTA may file a motion or response to a motion seven court days after the government's filing. They may raise only new or different arguments, and may not repeat the arguments made by the government. All motion filings by intervenors are limited to 10 pages unless the Court has granted a request for additional pages before the filing deadline. Intervenors are advised that additional pages will be permitted sparingly and only on a showing of good cause.

The parties and intervenors are directed to meet and confer on a proposed scheduling order that accounts for the timing of intervenor's motion filings. They should also propose an agreed-upon number of additional pages for plaintiffs to respond to intervenors' filings. The parties are advised that cross-motions for summary judgment are disfavored because they needlessly multiply the proceedings with little substantive value. The proposed scheduling order should contemplate one summary judgment motion by plaintiffs, who carry the burden of persuasion, and a response by the government and/or intervenors.

For all filings, the parties and intervenors are directed to submit one brief per side to the fullest extent possible. The government is not required to pre-screen its proposed filings with the intervenors, or otherwise share its litigation strategies, in advance of a filing. The proposed scheduling order is due by February 28, 2022.

**IT IS SO ORDERED.**

Dated: February 7, 2022

JAMES DONATO
United States District Judge