UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FAMILY FARM COALITION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOM VILSACK, et al.,<br><br>    Defendants. | Case No. 21-cv-05695-JD<br><br>**ORDER RE MOOTNESS** |

On December 2, 2024, the Court entered partial summary judgment in favor of plaintiffs on their Plant Protection Act (PPA)-based claims under the Administrative Procedure Act (APA), prospectively vacated the challenged rule, and remanded to the agency for further consideration. *See generally* Dkt. No. 81. The Court directed the parties to confer about plaintiffs' remaining challenges under the Endangered Species Act of 1973 (ESA) and the National Environmental Policy Act (NEPA). *Id.* at 26. The conference was unsuccessful in the sense that the parties could not agree whether those claims were ripe for decision or moot. *See* Dkt. No. 82. APHIS and the trade association defendant-intervenors say that the vacatur of the challenged rule mooted the remaining claims.[1] *Id.* at 3-5. Plaintiffs disagree. *Id.* at 5-7.

The record demonstrates that the ESA and NEPA claims are now moot. As APHIS aptly suggests, vacating the rule and remanding for further consideration effectively granted plaintiffs' primary claim for relief and left no possibility that additional meaningful relief could be awarded. *See id.* at 3-4. Plaintiffs bid to keep the ESA and NEPA claims alive by saying that the summary judgment order is not yet "final" and that the Court may revise it in a manner that could render the

---

[1] As stated in the summary judgment order, the Court refers to the named defendants together as "the agency" or "APHIS" for clarity. *See* Dkt. No. 81 at 9 n.2.

1    procedural claims not moot. *See id.* at 5-7. Although it is certainly true that all the Court's orders
2    are interlocutory until a judgment is entered, plaintiffs' point is speculative in the extreme.
3    Neither side has asked for reconsideration of the summary judgment order, and the Court sees no
4    good reason to go back after having conducted a detailed and thorough analysis of the record. It
5    also bears mention that simply entering judgment would close the book on plaintiffs' theory.

6        Plaintiffs' suggestion that the ESA and NEPA claims are reviewable under the APA, *see*
7    Dkt. No. 82 at 5, is not on point. The possibility that an agency action may be reviewed as a
8    statutory matter does not inform whether, consistent with Article III, such action may be reviewed
9    by a court in a particular case with particular parties at a particular time.

10       It is well established that a claim is moot "when it is impossible for a court to grant any
11   effectual relief whatever to the prevailing party." *Native Village of Nuiqsut v. Bureau of Land
12   Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*,
13   567 U.S. 298, 307 (2012)). Plaintiffs did not seek "vacatur of the EIS/No Effect
14   Determination/ROD" in their complaint. Dkt. No. 82 at 7; *see* Dkt. No. 1 (Compl.) ¶¶ 14, 287-
15   300. It is too late in the day to ask for that now, even where "broad request[s] for such other
16   relief" may be construed "broadly to avoid mootness," *Neighbors of Cuddy Mtn. v. Alexander*, 303
17   F.3d at 1059, 1066 (9th Cir. 2002) (quoting *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d
18   1012, 1015, 1015 n.6 (9th Cir. 1989)), given that plaintiffs won their main claim and received the
19   remedy they principally sought. Because the challenged rule was vacated and remanded, and
20   neither party has presented grounds for disturbing those conclusions, further declaratory relief, *see*
21   Compl. ¶¶ 287-88, would amount to an advisory opinion about the legality of those procedural
22   steps.

23       In addition, there is no evidence in the record indicating that APHIS may seek to recycle
24   the ESA and NEPA work for the vacated rule, and to simply suggest that is a possibility, as
25   plaintiffs do, is pure speculation. *See Headwaters, Inc.*, 893 F.2d at 1015 ("A case or controversy
26   exists justifying declaratory relief only when 'the challenged government activity . . . is not
27   contingent . . . and, by its continuing and brooding presence, casts what may well be a substantial
28   adverse effect on the interests of the petition parties.'" (first omission in original) (quotation

omitted)). If it turns out that APHIS does try to recycle that work in conjunction with a new proposed rule, that would constitute a separate agency determination with its own reasons subject to judicial review. *See Biden v. Texas*, 597 U.S. 785, 813 (2022) ("It is black-letter law that an agency that takes superseding action on remand is entitled to reexamine the problem, recast its rational and reach the same result." (cleaned up)). Insofar as plaintiffs say the Court can still provide effectual relief by ordering the agency "undertake ESA consultation and further NEPA analysis before promulgating any new Part 340 GE regulations," Dkt. No. 82 at 7; Compl. ¶ 14, they cite no authority suggesting the Court could order the agency to do so in these circumstances.

Consequently, there is no further litigation to be pursued in the case. Judgement will be entered pursuant to the summary judgment order.

**IT IS SO ORDERED.**

Dated: January 28, 2025

JAMES DONATO
United States District Judge